UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GLEN BALDWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 3:21-cv-891 |
| | ) |
| SNAVELY'S MACHINE & | ) |
| MANUFACTURING CO., INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Glen Baldwin, brings this action against Defendant, Snavely's Machine & Manufacturing Co., Inc., for unlawfully violating his rights protected by the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and Indiana Law.

## PARTIES

2. At all times relevant to this action, Baldwin resided within the Northern District of Indiana.

3. Defendant Snavely's Machine & Manufacturing Co., Inc. ("SMC") is a corporation that does business within the Northern District of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 12117, and 28 U.S.C. § 1367.

5. Baldwin was an "eligible employee" under the ADA, 42 U.S.C. § 12111(4).

6. Baldwin is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(A) and 12111(8).

7. SMC is an "employer" as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A).

8. Baldwin exhausted his administrative remedies by filing a charge numbered 470-2021-00492 with the U.S. Equal Employment Opportunity Commission against Defendant and receiving the appropriate notice of suit rights. Baldwin files the instant matter within ninety (90) days of receipt of said notice.

9. Plaintiff's state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims thus form a single case and controversy under Article III of the United States Constitution.

10. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Northern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. Baldwin was employed by Respondent, SMC, beginning on or about April 9, 2018, as a machine operator.

12. Baldwin's work performance met or exceeded the Respondent's legitimate expectations at all relevant times.

13. On April 15, 2019, Baldwin had a work related injury, resulting in a physical impairment and disability.

14. Baldwin suffers from a physical impairment which substantially limits one or more of his major life activities, including but not limited to lifting, and affects his musculo-skeletal function.

15. Baldwin's impairment is not transitory or minor, and has lasted longer than six

months.

16. Baldwin was released to work on September 9, 2019 and provided Defendant's human resources representative with his restrictions on lifting over 20 pounds, and overhead lifting over 5 pounds. Defendant told Baldwin that due to his restrictions, it no longer had work for him and was letting him go.

17. Defendant failed to enter into the interactive process with Baldwin, and failed to give him a reasonable accommodation.

18. Baldwin' requests constitute protected activity under the ADA.

19. Defendant discriminated against Baldwin due to his disability and/or retaliated against Baldwin for his request for accommodation.

20. Defendant has treated non-disabled employees and/or similarly-situated employees who did not request accommodations and/or file a claim for workers' compensation more favorably.

21. Baldwin has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: ADA Violations

22. Plaintiff hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint.

23. Plaintiff requested reasonable accommodations for his disabilities.

24. Plaintiff's requests for reasonable accommodations constitute statutorily protected activity.

25. Defendant denied Plaintiff's request, and terminated Baldwin due to his disability

and/or request for accommodation.

26. SMC's discrimination against Baldwin was done in reckless disregard of Baldwin's federally protected rights.

27. Actions of SMC caused Baldwin both emotional and economic harm.

28. Defendant's intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

### Count II: Retaliatory Discharge in Violation of Indiana Common Law
*(Frampton Claim)*

29. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint.

30. Baldwin requested Workers' Compensation benefits.

31. Defendant terminated Baldwin in retaliation for requesting Workers' Compensation.

32. Defendant acted maliciously or with reckless regard to Baldwin's rights as protected by Indiana common law.

33. Baldwin has suffered damages as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Glen Baldwin, respectfully requests that this Court enter judgment in his favor and provide him the following relief:

1. Reinstatement to his prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADA;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief to which she is entitled.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Paul A. Logan*
Paul A. Logan (17661-02)

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Glen Baldwin, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Paul A. Logan*
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
E-Mail:   jhaskin@jhaskinlaw.com
E-Mail:   plogan@jhaskinlaw.com
Attorneys for Plaintiff